United States District Court
Western District of Texas
San Antonio Division

United States of America,
    Petitioner,

v.

3M Company,
    Respondent.

No. SA-20-CV-01063

### Motion to Quash Deposition Subpoena to Taurin J. Mosby

The United States of America files this action and moves to quash the Subpoena to Testify at Deposition Respondent 3M Company served on Sergeant First Class ("SFC") Taurin J. Mosby, an employee of the Department of Defense ("DOD"). The Subpoena to Testify at Deposition is attached as Exhibit 1.

### I.  Background

3M is a defendant in multi-district litigation ("MDL") occurring in the Northern District of Florida related to the safety of 3M products. *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-md-2885-MCR-GRJ (N.D. Fla.). The United States is not a party to that litigation.

In connection with the MDL, 3M submitted a Touhy request on August 7, 2020 for SFC Mosby's documents and deposition. Ex. 2. 3M issued a subpoena on August 27, 2020 for SFC Mosby's deposition. Ex. 1. 3M served the subpoena on August 28, 2020. 3M unilaterally scheduled SFC Mosby's deposition for 9 a.m. on September 9, 2020, which is seven business days after service. Ex. 1.

In 3M's Touhy Request, 3M asserts that SFC Mosby's relevance is connected solely to his time in the military with Lewis Keefer, one of the plaintiffs in the MDL. *See* Ex. 2 at 2. In its Touhy request, 3M asserts the same relevance in requesting documents and depositions from two other DOD personnel that also served with Keefer. *Id.*

DOD provided a response to the Touhy request and objections to the deposition subpoena on September 8, 2020. Ex. 3. In that response, DOD explained that compliance was not possible

**Motion to Quash Subpoena**
           1

on September 9 but that it was authorizing SFC Mosby to be deposed on a mutually convenient date subject to certain conditions. *Id.* Despite DOD objecting to the subpoena and agreeing to the deposition on an alternative date, 3M responded via email indicating that it would not withdraw the subpoena and would move forward with the deposition unilaterally set for September 9, 2020. Ex. 4.

## II.  Regulatory Scheme

DOD established policies and procedures for release of DOD information and testimony of DOD personnel as witnesses in litigation. 32 C.F.R. § 97.1 et seq. DOD limits the disclosure of DOD information and testimony of DOD personnel related to information obtained during the individuals' performance of official duties. 32 C.F.R. § 97.6. DOD personnel are not allowed to testify in litigation without prior written approval. *Id.* DOD has set forth factors for DOD to consider in determining whether to allow DOD personnel to testify. 32 C.F.R. § 97.6(b). Under these provisions, DOD may produce agency records or provide testimony in such proceedings only if DOD determines that the disclosure is appropriate based on the factors, requirements, and procedures set forth in the regulations. These regulations help the United States (1) avoid spending the time and money to benefit private parties, (2) conserve the time of DOD personnel for conducting their official duties, and (3) minimize DOD's possible involvement in issues unrelated to its mission.

## III. Argument

### A.  The Court Should Quash the Subpoena under Touhy

As noted above, the testimony of DOD employees and production of government records is governed by 32 C.F.R. § 97.1 et seq. The United States Supreme Court has upheld these types of regulations. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). Moreover, the Fifth Circuit has upheld similar regulations. *See CF Indus., Inc. v. Dept. of Justice Bureau of Alcohol, Tobacco, Firearms, and Explosives*, 692 F. App'x 177, 181 (5th Cir. 2017) (per curiam).

Currently, the primary statutory source for such regulations is 5 U.S.C. § 301, the federal government's so-call "housekeeping" statute, which authorizes the head of every Executive

Branch agency to "prescribe regulations" for governing the department, the conduct of its employees, the distribution and performance of its business, and "the custody, use, and preservation of the records, papers, and property appertaining to it." *See, e.g., Touhy*, 340 U.S. at 468 (relying on predecessor to current 5 U.S.C. §301); *see also id.* at 463 n.2. Such regulations also serve to centralize department or agency determinations as to whether subpoenas will be willingly obeyed or challenged. *Id.* at 468. These regulations thereby avoid "the possibilities of harm from unrestricted disclosure in court." *Id.*

Because courts universally recognize the validity of regulations like the one in this case, court have repeatedly held that the regulations impose a binding legal duty on federal employees that the courts cannot force the employees to disobey. In the words of the Fourth Circuit, "an unbroken line of authority directly supports [the] contention that a federal employee may not be compelled to obey a subpoena contrary to his federal employer's instructions under valid agency regulations." *Boron Oil Co. v. Downie*, 873 F.2d 67, 69 (4th Cir. 1989).

The leading case in this area of the law is the Supreme Court's decision in *Touhy*. In *Touhy*, an employee of the Department of Justice was subpoenaed to provide departmental records to a prisoner in a federal habeas corpus proceeding. 340 U.S. at 464. Acting pursuant to a regulation like the one involved in this case, the Attorney General withheld permission for the employee to comply with the subpoena. *Id.* at 464–65. The district court that issued the subpoena held the employee in contempt for complying with the Attorney General's directive. *Id.* at 465. On appeal, the Supreme Court held that the agency regulation was valid under the predecessor to present 5 U.S.C. § 301 and that because the regulation was valid, the employee could not be compelled to obey the district court's subpoena. *Id.* at 467–69. The Court noted that it had reached the same result a half century earlier in *Boske v. Comigore*, 177 U.S. 459 (1900).

Compliance with Touhy regulations is mandatory. *United States v. Wallace*, 32 F.3d 921, 929 (5th Cir. 1994). "[A]n agency's choice of whether or not to comply with a third-party subpoena is essentially a policy decision about the best use of the agency's resources." *Puerto Rico v. United States*, 490 F.3d 50, 61 (1st Cir. 2007). The court can only set aside an agency's

**Motion to Quash Subpoena**                                                                                    **3**

decision not to produce documents or allow testimony if the decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *CF Indus.*, 692 F. App'x at 181. "The scope of review under this standard is narrow, and a court is not to substitute its judgment for that of the agency." *Id.* (quoting *Hasie v. Office of the Comptroller of the Currency*, 633 F.3d 361, 365 (5th Cir. 2011)).

In response to the request for SFC Mosby's testimony, DOD analyzed the factors, objected to the subpoena, and decided to authorize SFC Mosby's appearance on a limited basis on a mutually agreeable date to be determined. Ex. 3. On September 8, 2020, DOD provided its response and reasoning. *Id.* DOD's factual basis for agreeing to a limited deposition is that SFC Mosby served for no more than two months with Keefer at the end of 2015. *Id.* at 3–4. SFC Mosby has little recollection of Keefer. *Id.*

Here, the DOD's decision to allow a limited deposition of SFC Mosby on a mutually agreeable date to be determined is neither arbitrary nor capricious. As DOD explained, 3M's proposed September 9 deposition date gave DOD insufficient time to comply, particularly considering the government-wide telework environment due to the COVID-19 pandemic and the many other subpoenas 3M has recently issued on DOD personnel. Moreover, the September 9 deposition date would place an undue burden on SFC Mosby's duties, which include meeting a suspense for a project that is due on or about September 11, 2020. A deposition on September 9 would interfere with SFC Mosby's ability to meet that deadline

The Court must also consider the cumulative impact on the DOD given that the 3M MDL involves more than 150,000 plaintiffs who likely all had significant interactions with other DOD employees during their military service. Indeed, 3M included two other individuals in its Touhy request for SFC Mosby, seeking essentially the same information from all three people. 3M has also served several other subpoenas and Touhy requests on DOD and Department of Veterans Affairs ("VA") seeking documents and depositions of other DOD and VA personnel and may continue to do so. The cumulative impact of removing DOD personnel from their official duties

**Motion to Quash Subpoena**                                                                                     **4**

and responsibilities to comply with 3M's requests, especially during a global pandemic, would be highly disruptive to DOD.

"[A]ny given request may seem small in isolation, but an agency has an interest in protecting itself against the cumulative disruption to its duties that would come with routinely granting requests for testimony." *Westchester Gen. Hosp., Inc. v. HHS, Ctr. for Medicare & Medicaid Servs.*, 770 F. Supp. 2d 1286, 1298 (S.D. Fla. 2011) (citing *Moore v. Amour Pharm. Co.*, 927 F.2d 1194, 1198 (11th Cir. 1991). 3M's subpoena critically "fails to take into account the [agency's] 'legitimate concern with the potential cumulative effect of granting such requests.'" *Solomon v. Nassau Cnty.*, 274 F.R.D. 455, 459 (E.D.N.Y. 2011) (quashing subpoenas for testimony of VA employees). Particularly in light of these concerns, the DOD's decision to object to the September 9 deposition date but authorize SFC Mosby for testimony on a mutually agreeable date is not arbitrary and capricious. Thus, the Court should quash the subpoena for SFC Mosby's deposition based on *Touhy*.

**B. The Court should Quash the Subpoena Pursuant to Rule 45**

Federal Rule of Civil Procedure 45 sets forth numerous protections for third parties faced with subpoenas from litigation of which they are not a party. A court "must quash or modify a subpoena" if the subpoena:

> (i) fails to allow a reasonable time to comply;
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A).

The need to reduce the discovery burden on nonparties is especially important where, as here, the request is for the deposition of a government employee. The government has a "legitimate interest in orderly governmental operations and the proper use of officials' time." *Alex v. Jasper Wyman & Son*, 115 F.R.D. 156, 157 (D. Me. 1986); *see also Sharon Lease Oil Co. v. F.E.R.C.*, 691 F. Supp. 381, 384 (D.D.C. 1988) (same). Indeed, "[c]ourts generally refuse to

compel the deposition of a government witness if the [requesting party] may obtain discovery by an alternative and less burdensome method to the government." *See, e.g., Gomez v. City of Nashua, N.H.*, 126 F.R.D. 432, 436 (D. N.H. 1989).

The Court should quash the subpoena because it does not allow sufficient time to comply, which also creates an undue burden. 3M scheduled SFC Mosby's deposition for less than two weeks after it issued the subpoena. *See S.E.C. v. Art Intellect, Inc.*, No. 2:11-CV-00357-TC-DN, 2012 WL 776244, at *3 (D. Utah Mar. 7, 2012) ("Although Rule 45 does not define 'reasonable time,' many courts have found that anything less than fourteen days from the date of service is not reasonable"); *cf. Parra v. State Farm Lloyds*, No. 7:14-CV-691, 2015 U.S. Dist. LEXIS 185386, at *3–4 (S.D. Tex. Jan. 13, 2015) (quashing a subpoena requiring production in 22 days, because "thirty days is a 'reasonable time' to respond to a subpoena duces tecum, and Defendant should have been given at least thirty days."). With the holiday weekend, the subpoena does not provide SFC Mosby and DOD sufficient time to prepare for the deposition and provide cover for SFC Mosby's missed work. In this instance, SFC Mosby has to meet a suspense for a project that is due on or about September 11, 2020. Ex. 3 at 2. The deposition requested in this case would interfere with his ability to meet that deadline. *Id.* In addition, as noted above, the Court must consider the cumulative impact on the DOD given that the 3M MDL involves more than 150,000 plaintiffs and 3M is seeking numerous depositions across the country on essentially this same, short timeline. DOD provided this information to 3M as part of its objections. Ex. 3. 3M refused to reschedule the deposition and sought to push forward on its timeline without regard for the reasonable requests of a third party in seeking to accommodate the deposition. Ex. 4.

Thus, based on the Federal Rules of Civil Procedure, the Court should quash the subpoena for SFC Mosby's deposition.

## IV. Conclusion

For the foregoing reasons, the Court should quash the subpoena.

Respectfully submitted,

John F. Bash
United States Attorney

By:   */s/ Matthew Mueller*
      Matthew Mueller
      Assistant United States Attorney
      Texas Bar No. 24095592
      601 N.W. Loop 410, Suite 600
      San Antonio, Texas  78216
      (210) 384-7362 (phone)
      (210) 384-7358 (fax)
      matthew.mueller@usdoj.gov

**Certificate of Service**

I certify that on September 8, 2020, I electronically filed this document with the Clerk of Court using the CM/ECF system.

*/s/ Matthew Mueller*
Matthew Mueller
Assistant United States Attorney

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

No. SA-20-CV-01063

# UNITED STATES DISTRICT COURT
### for the
Northern District of Florida

| | |
|---|---|
| Lewis Keefer | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   7:20-cv-00104-MCR-GRJ |
| 3M Defendants, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        Taurin J. Mosby, ███████, San Antonio, TX ████

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Courtyard San Antonio Riverwalk, 207 N Saint Marys Street San Antonio Texas 78205 or, in the alternative, via remote deposition | Date and Time:  09/09/2020 9:00 am |
|---|---|

The deposition will be recorded by this method:     Stenographic and Videographic

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      08/27/2020

| *CLERK OF COURT* | |
|---|---|
| | OR |
| | /s/ Larry Hill |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants, 3M Company, et al. , who issues or requests this subpoena, are:

Larry Hill, Moore, Hill & Westmoreland, 350 W. Cedar St., Pensacola, FL 32505, lhill@mhw-law.com, 850-434-3541

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit 1 Page 1 of 3

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.     7:20-cv-00104-MCR-GRJ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Exhibit 1 Page 2 of 3

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

   **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
   **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Exhibit 1 Page 3 of 3

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

No. SA-20-CV-01063

300 North LaSalle
Chicago, IL 60654
United States

Barry E. Fields, P.C.
To Call Writer Directly:
+1 312 862 2081
barry.fields@kirkland.com

+1 312 862 2000

Facsimile:
+1 312 862 2200

www.kirkland.com

August 7, 2020

**By E-Mail**

Major Nicole Kim
nicole.m.kim2@mil.mail.mil
Tel: (703) 693-1092

Re:      *Touhy* Request Relating to *In re: 3M Combat Arms Earplug Products Liability Litigation*, 3:19-md-2885-MCR-GRJ (N.D. Fla.), Bellwether Plaintiff Lewis Keefer

Dear Major Kim:

In connection with *In re: 3M Combat Arms Earplug Products Liability Litigation*—a multidistrict litigation pending before Judge Rodgers in the Northern District of Florida—this letter constitutes Defendants' 3M Company ("3M") and Aearo Technologies LLC's ("Aearo") *Touhy*[1] request to the United States Department of Defense ("DoD") to take the depositions of: (1) SFC Taurin Mosby, who served as Plaintiff Keefer's supervisor when he was stationed at Schofield Barracks in Hawaii; (2) SFC Anthony Howard (possibly also known as Anthony Howard-Barnhardt), a servicemember who allegedly brought the charges which lead to an investigation and Article 15 disciplinary proceedings against Plaintiff Keefer; and (3) MSG Orville Bennett who served as Plaintiff Keefer's supervisor when he was stationed at Fort Benning, Georgia.

This letter also constitutes Defendants' *Touhy* request SFC Mosby, SFC Howard, and MSG Bennett to produce certain documents related to Keefer's noise exposure, use of hearing protection devices, and disciplinary proceedings. Pursuant to 32 C.F.R. § 516.40-57 and 32 C.F.R. § 97, 33 C.F.R. § 1.20-1 and 6 C.F.R. § 5.45, DoD Directive 5405.2 § 6.2, Navy Instruction 5820.8A, and Air Force Instruction 51-301, Defendants set forth the basis for their *Touhy* requests as follows:

---

[1] *United States ex rel. Touhy v. Ragen,* 340 U.S. 462 (1951).

Beijing   Boston   Dallas   Hong Kong   Houston   London   Los Angeles   Munich   New York   Palo Alto   Paris   San Francisco   Shanghai   Washington, D.C.

Exhibit 2 Page 1 of 5

# KIRKLAND & ELLIS LLP

Major Nicole Kim
August 7, 2020
Page 2

## I.  Summary of the Litigation

Plaintiffs in this litigation include servicemen and women who claim to have been issued Combat Arms Earplugs Version 2 ("CAEv2") in connection with their military service, including Plaintiff Keefer.  The CAEv2 was initially designed and distributed by Aearo.  In 2008, 3M, purchased Aearo and continued to market and sell the CAEv2.  Servicemember plaintiffs in this litigation, including Plaintiff Keefer, allege that the CAEv2 was defective and caused them to sustain serious injuries during their military service, including hearing damage.  The information sought by these *Touhy* requests will assist Defendants in establishing that the CAEv2 did not cause Plaintiff Keefer's alleged hearing loss, and/or will relate to the alleged seriousness of Plaintiff Keefer's injuries.

On February 27, 2020, the Court issued Pretrial Order No. 29, which selected twenty-five cases for the initial bellwether pool. The parties are now conducting discovery in initial bellwether cases.  Defendants took the deposition of Plaintiff Keefer on July 23, 2020.

## II.  Summary of the Depositions Requested

Defendants seek to depose SFC Mosby regarding: (i) Plaintiff Keefer's exposure to noise; (ii) Plaintiff Keefer's alleged hearing loss and tinnitus injuries, and conditions Plaintiff Keefer claims were caused or exacerbated by his alleged hearing loss and/or tinnitus; (iii) Plaintiff Keefer's use of hearing protection devices, including the CAEv2; (iv) the policies and practices regarding hearing protection devices in Plaintiff Keefer's units; and (v) any alleged misconduct by Plaintiff Keefer, disciplinary proceedings brought against Plaintiff Keefer, or Plaintiff Keefer's reasons for separating from the military, including but not limited to the Article 15 disciplinary proceedings brought against Plaintiff Keefer while he was stationed in Hawaii and/or deployed to Thailand.

Defendants seek to depose SFC Howard regarding: (i) Plaintiff Keefer's exposure to noise; (ii) Plaintiff Keefer's alleged hearing loss and tinnitus injuries, and conditions Plaintiff Keefer claims were caused or exacerbated by his alleged hearing loss and/or tinnitus; (iii) Plaintiff Keefer's use of hearing protection devices, including the CAEv2; (iv) the policies and practices regarding hearing protection devices in Plaintiff Keefer's units; and (v) any alleged misconduct by Plaintiff Keefer, disciplinary proceedings brought against Plaintiff Keefer, or Plaintiff Keefer's reasons for separating from the military, including but not limited to the Article 15 disciplinary proceedings brought against Plaintiff Keefer while he was stationed in Hawaii and/or deployed to Thailand.

Defendants seek to depose MSG Bennett regarding: (i) Plaintiff Keefer's exposure to noise; (ii) Plaintiff Keefer's alleged hearing loss and tinnitus injuries, and conditions Plaintiff Keefer claims were caused or exacerbated by his alleged hearing loss and/or tinnitus; (iii) Plaintiff

Exhibit 2 Page 2 of 5

# KIRKLAND & ELLIS LLP

Major Nicole Kim
August 7, 2020
Page 3

Keefer's use of hearing protection devices, including the CAEv2; (iv) the policies and practices regarding hearing protection devices in Plaintiff Keefer's units; and (v) any alleged misconduct by Plaintiff Keefer or disciplinary proceedings brought against Plaintiff Keefer.

## III.     Summary of the Documents Requested

### Specific Documents Requested

- All documents, communications, and correspondence concerning Plaintiff Keefer's exposure to noise.

- All documents, communications, and correspondence concerning Plaintiff Keefer's use or non-use of hearing protection devices.

- All documents, communications, and correspondence related to Plaintiff Keefer's alleged hearing loss and tinnitus injuries, and conditions Plaintiff Keefer claims were caused or exacerbated by his alleged hearing loss and/or tinnitus.

- All documents, communications, and correspondence related to the investigation and Article 15 proceedings against Plaintiff Keefer, as well as any other alleged misconduct by Plaintiff Keefer, disciplinary proceedings brought against Plaintiff Keefer, or Plaintiff Keefer's reasons for separating from the military.

- Written policies and procedures related to the selection, distribution, fitting, use, and/or training for hearing protection devices.

## IV.     Relevance of the Requested Deposition and Documents

Servicemember plaintiffs in this litigation, including Plaintiff Keefer, allege that the CAEv2 was defective and caused them to sustain serious injuries during their military service, including hearing damage.  The information sought by these *Touhy* requests will assist Defendants in establishing that the CAEv2 did not cause Plaintiff Keefer's alleged hearing loss, and/or will relate to the alleged seriousness of Plaintiff Keefer's injuries.  The requested deposition and documents are relevant to address Plaintiff Keefer's allegations that his hearing was injured due to use of the CAEv2 and to the extent/severity of his alleged injuries.

## V.     Additional Considerations

These requests comply with the policies of the DoD, DLA, Army, Navy, Marine Corps, Air Force, and Coast Guard regarding the provision of information by its employees in connection

Exhibit 2 Page 3 of 5

# KIRKLAND & ELLIS LLP

Major Nicole Kim
August 7, 2020
Page 4

with litigation in federal court:

1.  Disclosure of the requested information is not unduly burdensome or otherwise inappropriate under the federal discovery rules.

2.  Disclosure of the requested information would be appropriate under the Federal Rules of Evidence and appropriate under the rules of the Northern District of Florida.

3.  Disclosure of the requested information would be appropriate under the Federal Rules of Civil Procedure and would not impact any concerns regarding privileged information pursuant to the rules of procedure governing this litigation.

4.  Disclosure of the requested information would not violate any statute, executive order, regulation, or directive.

5.  Disclosure of the requested information would not reveal any classified information, data restricted pursuant to AR 380-5, unclassified technical data withheld from public release pursuant to 32 C.F.R. § 250 or DoD Directive 5230.25, privileged safety information restricted from public release by DoD Directive 6055.7, AFI 31-401, or other matters exempt from unrestricted disclosure.

6.  Disclosure of the requested information would not interfere with ongoing enforcement proceedings, compromise any constitutional rights, reveal the identity of an intelligence source or confidential informant, disclose trade secrets or similarly confidential commercial or financial information, or otherwise be inappropriate under the circumstances.

7.  Disclosure would not violate any person's expectation of confidentiality or privacy.

8.  The United States is not, and is not reasonably anticipated to be, a party in this litigation.

*See* 32 C.F.R. §§ 97.6(b)(1)-(6); 32 C.F.R. §§ 516.41(d), 516.44; Navy Instruction 5280.8A(1)-(10); Department of Defense Directive 5405.2 § 6.2; 33 C.F.R. § 1.20-1; 6 C.F.R. § 5.45; Air Force Instruction 51-301, 9.5.1-9.5.6.

## VI.   Administrative Matters

Defendants will bear the costs of duplicating and producing the documents sought by this

Exhibit 2 Page 4 of 5

## KIRKLAND & ELLIS LLP

Major Nicole Kim
August 7, 2020
Page 5


*Touhy* request.  Costs will be paid by check or money order payable to the Treasury of the United States. For ease of production, all electronically stored information can be produced via a secure file transfer protocol site that will be provided free of charge or via electronic storage media that will be provided to you at no charge and upon your request. Any requests for assistance with the transmittal of electronically stored documents, or coordination of the inspection of documents should be made to Mark Nomellini, counsel for Defendants, at (312) 862-2410 or mnomellini@kirkland.com.  Additionally, to the extent the DoD believes any of the requested information does not implicate the statutory considerations set forth above, Defendants are willing to work with the DoD to narrow the scope of the request.


\*\*\*


  If you anticipate that full production will require more than ten (10) days from the date of service, we request that you notify the parties and/or the Court. Should you have any questions or require additional information about this Touhy request, please do not hesitate to contact me. Thank you for your assistance.


    Sincerely,

    */s/ Barry E. Fields*

    Barry E. Fields

cc: Jacqueline Snead, Associate General Counsel
  Department of Justice
  jacqueline.snead@usdog.gov

  Plaintiff Co-Lead and Co-Liaison
  Counsel, Discovery and ESI Subcommittee, Jennifer Hoekstra
  jhoekstra@awkolaw.com

  Major Robert Wald, U.S. Army
  robert.e.wald.mil@mail.mil

Exhibit 2 Page 5 of 5



**DEPARTMENT OF THE ARMY**
UNITED STATES ARMY LEGAL SERVICES AGENCY
LITIGATION DIVISION
9275 GUNSTON ROAD
FORT BELVOIR, VA  22060-5546

No. SA-20-CV-01063

September 8, 2020

SUBJECT:  Response to Subpoena and *Touhy* request related to Mr. Taurin Mosby for release of official information in the case of *In Re: 3M Combat Arms Earplug Products Liability Litigation,* Civil Action File No.: 3:19-md-02885, United States District Court for the Northern District of Florida

Barry E. Fields
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654
barry.fields@kirkland.com

Larry Hill
Moore, Hill & Westmoreland
350 W. Cedar St.
Pensacola, FL 32505
lhill@mhw-law.com
(Via Email)

Dear Mr. Hill and Mr. Fields,

       This letter responds to Defendants' subpoena for Mr. Mosby's testimony dated August 27, 2020, and *Touhy* request dated August 7, 2020.  Your subpoena for testimony dated August 27, 2020, served on August 28, 2020, seeks unspecified testimony from Mr. Taurin Mosby.

       Regarding the subpoena for Mr. Mosby's testimony on September 9, 2020, the DoD objects to this subpoena under Fed. R. Civ. P. 26 and 45 for the following reasons:

       First, the subpoena failed to allow DoD a reasonable time to comply.  *See* Fed. R. Civ. P. 45(d)(3)(A)(i).  "[J]ust as negligence in the air does not exist, neither does reasonableness: the analysis is necessarily case-specific and fact-intensive. What would be reasonable . . . may take on a very different cast where, as here, . . . the schedules of the deponents and a number of lawyers would be unable to accommodate the belatedly filed notices."  *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 327 (N.D. Ill. Aug. 26, 2005) (noting that "the plaintiffs were keenly aware of all of these facts and of the competing demands imposed by the other discovery disputes that had been percolating for some period"); *see also Minor Doe I Through Parent I Doe v. School Board for Santa Rosa County*, 2009 WL 10674249, at *2 (N.D. Fla. Nov. 23, 2009) ("Although the rule does not specify what constitutes reasonable

Exhibit 3 Page 1 of 4

time to comply, common sense dictates that reasonableness is determined in relation to the extent of the materials requested and other underlying circumstances in the case.").  Although, dated August 27, 2020, the subpoena was not served until the following day, allowing only seven business days prior to the specified September 9, 2020, return date.  This is an unreasonable time for compliance given factors including the government-wide telework environment due to the COVID-19 pandemic, the many other subpoenas your office issued in the same timeframe, not to mention the numerous other pending discovery requests (some duplicative) that your office has served in this same action.

Although Mr. Mosby is no longer on Active Duty, he is still employed with DoD, and his attendance for a deposition will place an undue burden on his duties, which include meeting a suspense for a project that is due on or about September 11, 2020.  Participation at a deposition will interfere with his ability to meet that deadline.  Moreover, the assigned DoD counsel has other pending cases and responsibilities requiring attention between the date of service and the scheduled date of deposition, such as responding to three other *Touhy* requests for other cases, preparing for an alternative dispute resolution, preparing for two upcoming depositions, and attending one deposition.

Additionally, DoD has considered the cumulative impact of subpoenas like yours, in light of the fact that this litigation involves more than 180,000 plaintiffs who each had numerous co-workers and supervisors during their time in the military.  The cumulative impact of such requests would be disruptive to the agency's functioning.  "[A]ny given request may seem small in isolation, but an agency has an interest in protecting itself against the cumulative disruption to its duties that would come with routinely granting requests for testimony."  *Westchester Gen. Hosp., Inc. v. HHS, Ctr. for Medicare & Medicaid Servs.*, 770 F. Supp. 2d 1286, 1298 (S.D. Fla. 2011) (citing *Moore v. Armour Pharmaceutical Co.*, 927 F.2d 1194, 1198 (11th Cir. 1991)); *see also Solomon v. Nassau Cty.*, 274 F.R.D. 455, 459 (E.D.N.Y. 2011) (quashing subpoena on federal agency where "the Plaintiff fails to take into account the VA's 'legitimate concern with the potential cumulative effect of granting such requests'").

The DoD separately approves your *Touhy* request dated August 7, 2020, subject to the limitations described herein.  This approval is made pursuant DoDD 5405.2, which is published at 32 C.F.R. Sec. pt. 97 (2005).  As you know, the release of official information, both written and verbal, for litigation purposes, including a release in response to a subpoena duces tecum is controlled by DoDD 5405.2.  This directive was promulgated pursuant to 5 U.S.C. § 301 and consistent with *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), which confirms the authority of the head of a federal agency to control the release of official information.  DoDD 5405.2 specifically outlines considerations for granting or denying a request.  Relevant considerations include whether the request or demand is unduly burdensome or otherwise inappropriate under the applicable court rules.

On August 7, 2020, you submitted a *Touhy* request seeking the deposition of Mr. Mosby on the following topics:

Exhibit 3 Page 2 of 4

(i) Plaintiff Keefer's exposure to noise;

(ii) Plaintiff Keefer's alleged hearing loss and tinnitus injuries, and conditions Plaintiff Keefer claims were caused or exacerbated by his alleged hearing loss and/or tinnitus;

(iii) Plaintiff Keefer's use of hearing protection devices, including the CAEv2;

(iv) the policies and practices regarding hearing protection devices in Plaintiff Keefer's units; and

(v) any alleged misconduct by Plaintiff Keefer, disciplinary proceedings brought against Plaintiff Keefer, or Plaintiff Keefer's reasons for separating from the military, including but not limited to the Article 15 disciplinary proceedings brought against Plaintiff Keefer while he was stationed in Hawaii and/or deployed to Thailand.

The DoD has considered your request and determined that compliance on September 9, 2020, would be (1) unduly burdensome and (2) inappropriate under applicable court rules.  Allowing Mr. Mosby to sit for a deposition would be unduly burdensome because you provided insufficient notice and an unreasonable time to comply, given Mr. Moby's upcoming work deadlines and responsibilities, the assigned Government counsel's other responsibilities, and the current telework environment.  Specifically, a mere seven business days did not allow sufficient time for  Government counsel time to find Mr. Mosby, prepare Mr. Mosby for the deposition, and coordinate Mr. Mosby's work schedule to appropriately limit the burden the Agency.  Additionally, for these same reasons, this request is inappropriate under the applicable court rules, specifically with regard to timeliness given the context in which this deposition was scheduled.  The DoD needs to locate and make contact with the witness, and then determine whether the DoD should authorize the request considering all relevant factors, including whether the witness actually has any relevant information being sought.  Your subpoena provided an unreasonable time to comply given the scope of this litigation and the other responsibilities and obligations of the DoD.

However, DoD has decided to authorize Mr. Mosby to be deposed on a mutually convenient date by remote deposition subject to conditions,[1] including that the

---

[1]  These conditions shall include that:

   a.  The government must be provided a list of all participants who will have access to the platform during the deposition, whether or not they are using a video feed.  The examining attorney, the witness, government counsel, and the court reporter should have video feed during the deposition.  The audio of participants other than the examining attorney, witness, government counsel, and court reporter should be on mute during the deposition.

Exhibit 3 Page 3 of 4

deposition last no more than four hours.  Mr. Mosby served with Plaintiff Keefer for only two months, and does recall much about him, including whether he suffered from any hearing deficit.  Mr. Mosby can testify to the type of training that Plaintiff Keefer had during the two months and whether any hearing protection was necessary for that training.  Mr. Mosby is not authorized to testify about any other subjects requested in your Touhy request because he lacks personal knowledge about them.

For the foregoing reasons, DoD objects to your subpoena for testimony, but approves your *Touhy* request for testimony of Mr. Mosby, subject to the limitations described above.  Accordingly, he is not authorized to give testimony on September 9, 2020.  We request that you withdraw your subpoena.  If you would like to arrange an alternate date of the deposition subject to the scope and time limits described herein, please notify the agency's points of contact, MAJ Nicole Kim and MAJ Robert Wald, in writing.

Should you have any questions, please contact me at (703) 693-1079 or robert.e.wald.mil@mail.mil.

Sincerely,

*Robert Wald*

Robert E. L. Wald
Major, U.S. Army
Litigation Attorney

---

b.  If government counsel's technology fails, all questioning must be terminated until government counsel is reconnected.  The witness should not be connected without government counsel being on the platform.

c.  Two sets of deposition exhibits should be provided to the Department of Justice counsel and received at her office at least 5 business days before the deposition.

d.  The deposition must be completed within the time period 9:00am – 4:00pm in the witness's time zone and must include at least four scheduled breaks and a one-hour lunch break.  The deposition is limited to 4 hours on the record.  The time on the record will be split between the parties in a manner in which the parties have agreed.

e.  The Government will waive administration of the oath in person and consent to remote administration.

Exhibit 3 Page 4 of 4



**From:** Gunderson, Karl <karl.gunderson@kirkland.com>
**Sent:** Tuesday, September 8, 2020 12:41 PM
**To:** Wald, Robert E MAJ USARMY HQDA OTJAG (USA) <robert.e.wald.mil@mail.mil>; Kim, Nicole M MAJ USARMY HQDA OTJAG (USA) <nicole.m.kim2.mil@mail.mil>; tbouk@levinlaw.com; bbarr@levinlaw.com
**Cc:** Bryan Aylstock <BAylstock@awkolaw.com>; SHutson@triallawfirm.com; cseeger@seegerweiss.com; 'dbuchanan@seegerweiss.com' <dbuchanan@seegerweiss.com>; 'epefile@mostynlaw.com' <epefile@mostynlaw.com>; evan@gorijulianlaw.com; taylor@hgdlawfirm.com; lewis@hgdlawfirm.com; kcharonko@baileyglasser.com; vanello@douglasandlondon.com; Snead, Jacqueline Coleman (CIV) <jsnead@CIV.USDOJ.GOV>; Judge David R. Herndon <dave@herndonresolution.com>; Nomellini, Mark J. <mnomellini@kirkland.com>; Brock, Mike <mike.brock@kirkland.com>; Fields, Barry E. <bfields@kirkland.com>; *Kimberly.branscome@dechert.com <Kimberly.branscome@dechert.com>; Elizabeth, Sierra <sierra.elizabeth@kirkland.com>; Karis, Hariklia <hkaris@kirkland.com>; Kolsky, Joshua (CIV) <jkolsky@CIV.USDOJ.GOV>; Cooper, Shaquana (OGC) <Shaquana.Cooper@va.gov>; lhill@mhw-law.com; Charles Beall <cbeall@mhw-law.com>; Neglia, Ashley <ashley.neglia@kirkland.com>
**Subject:** RE: [Non-DoD Source] In re 3M - subpoena related to Bellwether Plaintiff Lewis Keefer

Major Wald, Major Kim, Brian, and Troy,

Major Wald's letter discusses "mutually convenient dates."  Please let us know what dates in the very near future you propose holding Mr. Mosby's deposition.

Defendants have not amended or withdrawn the subpoena for Mr. Mosby's September 9 deposition, and plan to proceed with the deposition absent agreement to the contrary.

Regards,
Karl

**Karl Gunderson**
—————————————————
**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 2379  **M** +1 312 622 7788
—————————————————
karl.gunderson@kirkland.com

**From:** Wald, Robert E MAJ USARMY HQDA OTJAG (USA) <robert.e.wald.mil@mail.mil>
**Sent:** Tuesday, September 8, 2020 10:42 AM
**To:** Neglia, Ashley <ashley.neglia@kirkland.com>
**Cc:** Bryan Aylstock <BAylstock@awkolaw.com>; SHutson@triallawfirm.com; cseeger@seegerweiss.com; 'dbuchanan@seegerweiss.com' <dbuchanan@seegerweiss.com>; 'epefile@mostynlaw.com' <epefile@mostynlaw.com>;

Exhibit 4 Page 1 of 3

evan@gorijulianlaw.com; bbarr@levinlaw.com; tbouk@levinlaw.com; taylor@hgdlawfirm.com; lewis@hgdlawfirm.com; kcharonko@baileyglasser.com; vanello@douglasandlondon.com; Jacqueline.Snead@usdoj.gov; Judge David R. Herndon <dave@herndonresolution.com>; Nomellini, Mark J. <mnomellini@kirkland.com>; Brock, Mike <mike.brock@kirkland.com>; Gunderson, Karl <karl.gunderson@kirkland.com>; Fields, Barry E. <bfields@kirkland.com>; *Kimberly.branscome@dechert.com <Kimberly.branscome@dechert.com>; Elizabeth, Sierra <sierra.elizabeth@kirkland.com>; Karis, Hariklia <hkaris@kirkland.com>; Kolsky, Joshua (CIV) <Joshua.kolsky@usdoj.gov>; Cooper, Shaquana (OGC) <Shaquana.Cooper@va.gov>; Kim, Nicole M MAJ USARMY HQDA OTJAG (USA) <nicole.m.kim2.mil@mail.mil>; lhill@mhw-law.com
**Subject:** RE: [Non-DoD Source] In re 3M - subpoena related to Bellwether Plaintiff Lewis Keefer

Good morning Ashley,

Please see the attached response to your deposition request for Mr. Mosby.

Thank you,
Rob

Rob Wald
MAJ, JA
Litigation Attorney
United States Army Legal Services Agency
9275 Gunston Road
Fort Belvoir, Virginia 22060-5546
Cell: 813-401-0915
robert.e.wald.mil@mail.mil

CONFIDENTIALITY NOTICE

The information contained in this e-mail and any accompanying attachments constitute confidential information which may be legally privileged. This information is the property of the U.S. Government. If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you received this e-mail in error, please notify us immediately by return e-mail.

**From:** Neglia, Ashley <ashley.neglia@kirkland.com>
**Sent:** Thursday, August 27, 2020 2:43 PM
**To:** Kim, Nicole M MAJ USARMY HQDA OTJAG (USA) <nicole.m.kim2.mil@mail.mil>; Cooper, Shaquana (OGC) <Shaquana.Cooper@va.gov>
**Cc:** Wald, Robert E MAJ USARMY HQDA OTJAG (USA) <robert.e.wald.mil@mail.mil>; Bryan Aylstock <BAylstock@awkolaw.com>; SHutson@triallawfirm.com; cseeger@seegerweiss.com; 'dbuchanan@seegerweiss.com' <dbuchanan@seegerweiss.com>; 'epefile@mostynlaw.com' <epefile@mostynlaw.com>; evan@gorijulianlaw.com; bbarr@levinlaw.com; tbouk@levinlaw.com; taylor@hgdlawfirm.com; lewis@hgdlawfirm.com; kcharonko@baileyglasser.com; vanello@douglasandlondon.com; Jacqueline.Snead@usdoj.gov; Judge David R. Herndon <dave@herndonresolution.com>; Nomellini, Mark J. <mnomellini@kirkland.com>; Brock, Mike <mike.brock@kirkland.com>; Gunderson, Karl <karl.gunderson@kirkland.com>; Fields, Barry E. <bfields@kirkland.com>; *Kimberly.branscome@dechert.com <Kimberly.branscome@dechert.com>; Elizabeth, Sierra <sierra.elizabeth@kirkland.com>; Karis, Hariklia <hkaris@kirkland.com>
**Subject:** [Non-DoD Source] In re 3M - subpoena related to Bellwether Plaintiff Lewis Keefer

All active links contained in this email were disabled. Please verify the identity of the sender, and confirm the authenticity of all links contained within the message prior to copying and pasting the address to a Web browser.

Exhibit 4 Page 2 of 3

Major Kim, Ms. Cooper,

Please see attached *Touhy* request, subpoena, and notice of intent directed at Taurin J. Mosby.  A *Touhy* request for this individual was previously served on the DoD, however, we understand that the witness may currently be a VA employee. Defendants currently estimate that they will need seven hours on the record for this deposition. These documents will be posted to MDL Centrality.

Best,
Ashley

**Ashley Neglia**

---

**KIRKLAND & ELLIS LLP**
555 South Flower Street, Los Angeles, CA 90071
**T** +1 213 680 8114
**F** +1 213 680 8500

---

Ashley.Neglia@kirkland.com < Caution-mailto:Ashley.Neglia@kirkland.com%0d >

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email topostmaster@kirkland.com < Caution-mailto:postmaster@kirkland.com > , and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

Exhibit 4 Page 3 of 3

United States District Court
Western District of Texas
San Antonio Division

United States of America,
Petitioner,

v.

3M Company,
Respondent.

No. SA-20-CV-01063

**[Proposed] Order**

Before the Court is United States's Motion to Quash Deposition Subpoena to Taurin J.

Mosby. Having considered the Motion, the Court hereby GRANTS the Motion and quashes the

deposition subpoena issued to Taurin J. Mosby.


**SIGNED AND ENTERED ON THE DAY \_\_\_\_ OF _____, 2020.**


_____
United States District Judge